# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

APR 1 5 2013

UNITED STATES OF AMERICA

v.

## CRIMINAL COMPLAINT

**CLYDE RINGGOLD**
    Defendant.

CASE NUMBER: **13-0753SAG**

I, Daniel M. Kerwin, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief: that on or about April 4, 2013, in the District of Maryland, Clyde Ringgold, the defendant, distributed a detectable amount of Heroin in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and that this complaint is based upon the following facts:

    See Attached Affidavit

Continued on the attached sheet and made a part thereof:  ☐ Yes  ☐ No

_____
Special Agent Daniel M. Kerwin
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to before me and subscribed in my presence,

April 15, 2013
Date and Time Issued
10:31 am

at Baltimore, Maryland

_____
Stephanie A. Gallagher
United States Magistrate Judge

**13-0753SAG**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

**I.** **AFFIANT AND EXPERTISE**

1. Your Affiant, Daniel M. Kerwin, after being duly sworn, states as follows:

2. Affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

3. Affiant has been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since February 19, 2008. As a Special Agent with ATF, Affiant is authorized pursuant to Title 18 U.S.C., Section 3051 to execute search warrants and enforce any of the criminal, seizure, or forfeiture provisions of the laws of the United States.

4. Affiant has successfully completed the basic Criminal Investigator Training Course at the Federal Law Enforcement Center and has completed the Special Agent Basic Training Course at the ATF National Academy, both located in Glynco, Georgia.

5. From August of 2008 through February of 2011, affiant was assigned to the Baltimore Field Division's High Intensity Drug Trafficking Area (HIDTA) Group where his assignments involved conducting criminal investigations into cases of illegal possession / transfer of firearms, firearms trafficking, violent crimes involving firearms and narcotics trafficking. Since March 2011, affiant has been assigned to the Baltimore Field Division's Violent Crime Impact Team (VCIT) and has been tasked to investigate violent offenders operating within the greater Baltimore, Maryland area engaging in unlawful gang activity, narcotics trafficking, weapons possession and violent crime associated therewith.

6. Prior to joining ATF, affiant served as a State Trooper with the Virginia State

Police from January of 2003 through February of 2008. During this time, in addition to his routine patrol duties, affiant initiated and participated in criminal investigations involving the unlawful narcotics possession and distribution, unlawful firearms possession and acquisition, fugitive apprehensions and the fraudulent use of and counterfeiting of government documents.

7. Affiant has a Bachelor of Arts Degree in Policy Studies from Syracuse University and a Juris Doctor Degree from Albany Law School.

8. Affiant has received formal training and specialized instruction on the enforcement of state and federal firearms and narcotics laws, clandestine laboratory enforcement, firearms and ammunition identification, narcotics and narcotics packaging material identification, characteristics of armed individuals, money laundering and financial investigations, arson and explosives investigations, covert surveillance and electronic surveillance.

9. Affiant has utilized the aforementioned instruction and experience in the performance of his duties by initiating, participating and coordinating numerous criminal investigations involving firearms and narcotics on both the state and federal levels. Additionally, affiant has been designated as an expert witness on numerous occasions pursuant to the Federal Rules of Evidence, Article VII, Rule 702, in the area of firearms interstate nexus and firearms identification in the United States District Court for the District of Maryland. Affiant has also been an affiant or co-affiant on multiple state and federal search warrants.

10. Affiant is familiar with the prices, methods and practices of individuals engaged in both lawful and unlawful firearms transactions. Affiant has both conducted and led numerous surveillance and enforcement operations involving unlawful firearms transactions. Affiant has been successful in utilizing undercover agents and confidential informants in procuring firearms

and ammunition in furtherance of criminal investigations.

11. Affiant has seized narcotic evidence which in turn has led to the issuance of search and seizure warrants. Through formalized training, actual experience and conversations with other law enforcement agents/officers, affiant is familiar with the actions, traits, habits, and terminology utilized by narcotics traffickers. Based upon the aforementioned, affiant knows the following:

12. Based on this training, experience, and participation in other similar type narcotic trafficking and/or money laundering investigations, your affiant knows that individuals who are involved in illegal controlled substances activities share various combinations of common characteristics which are listed as follows:

    a. Keeping of documents and records. Persons involved in the illegal distribution of CDS frequently keep and maintain records of their various activities. Such records frequently are kept to keep track of money owed to them by other drug traffickers and money that they owe to drug suppliers, and to maintain contact information for other drug traffickers and suppliers. Experience in similar cases has established that such records are frequently concealed in a suspect's automobile, residence, office, safety deposit box and on his person, and that they take various forms. Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale and distribution of controlled dangerous substances or other such documents which will

13-0753SAG

contain identifying data on the co-conspirators. The aforementioned items are kept in locations that are considered safe by the drug traffickers such as safety deposit boxes, residences, vehicles and on their person, where they have ready access to them.

  b. Use of computers. Persons involved in the illicit distribution of CDS, due to advancement in technology, may be utilizing computers or other electronic storage media to store the records listed above.

  c. Storage of currency. Drug traffickers must maintain on hand large amounts of United States currency in order to maintain and to finance their ongoing narcotics business. Based on training and experience your Affiant knows that persons involved in large scale drug trafficking conceal in their residences currency, financial instruments, and evidence of financial transactions relating to narcotics trafficking activities.

  d. Cellular telephones. Persons involved in the illicit distribution of CDS frequently utilize cellular telephones, pagers and other electronic communications devices to facilitate illegal drug transactions. In investigations such as this, cellular telephones are direct evidence of the criminal conspiracy. A suspect's possession of a cellular telephone with a certain call number identified during the investigation is evidence that that suspect is the user of the cellular telephone and constitutes evidence of the suspect's participation in the conspiracy. Moreover, the electronically stored information on these devices is of evidentiary value in identifying other members of the drug trafficking conspiracy and establishing the relationship between these individuals.

  e. Photographs of co-conspirators. Persons involved in the illicit distribution of CDS frequently take or cause to be taken photographs of themselves, their associates,

their proceeds, and their narcotics. Narcotics traffickers commonly have such photographs in their residences, vehicles, electronic devices, or on their person. In a criminal conspiracy case such as this, photographs of co-conspirators with one another is evidence of their association with one another and thus can be used as evidence of their participation in a common conspiracy.

    f.    Firearms. Affiant knows, based on training and experience, that drug traffickers commonly have in their possession -- that is, on their persons and in their residences -- firearms and other weapons, which are used by the traffickers to protect and secure their narcotics and proceeds from loss to law enforcement agents or to other criminals who may attempt to steal money and drugs.

## II. CASE BACKGROUND

13. In October 2012 ATF and BPD began investigating drug trafficking in the areas surrounding the 3400 Block of St Ambrose Ave. Based on the investigation to date, affiant believes there is probable cause to believe that the described target subject, locations and vehicle contain evidence, fruits, instrumentalities, and/or evidence of possession with the intent to distribute narcotics (CDS) in violation of Title 21, United States Code (USC), Section 841(a)(1) and conspiracy to commit that offense in violation of 21 U.S.C. § 846. Since this affidavit is being submitted for the limited purpose of probable cause it is not intended to include each and every fact known to your affiant or to the Government. I have set forth only those facts necessary to support probable cause and conversely has not excluded any facts known to them which would defeat such a determination.

## III. TARGET SUBJECTS

14. **Clyde RINGGOLD** aka **"Cleezy"** is believed to be the leader of a drug trafficking organization primarily located in 3400 Block of St Ambrose Ave, Baltimore, Maryland which is adjacent to the 4600 block of Reistertown Road. **RINGGOLD** has 2 prior convictions for drug trafficking and 1 conviction for possession of a firearm.

## IV. PROBABLE CAUSE

15. Based upon an investigation by Officers of the BPD and Special Agents of the ATF, it has been determined that **RINGGOLD** is currently engaging in trafficking quantities of heroin in the Baltimore, Maryland area.

16. On April 4, 2013 a BPD Undercover Officer (UC49) was briefed by investigators as to **RINGGOLD**, his clothing description, and the heroin called "straight money" (raw heroin expected to sell for $20 a bag.) Affiants displayed a photograph of **RINGGOLD** to UC49.

17. **RINGGOLD** was observed entering a McDonald's. At approximately 9:29 A.M., UC49 observed **RINGGOLD** exit the McDonalds and proceed to the intersection of W. Cold Spring Lane and Towanda Avenue. UC49 then intercepted and met with **RINGGOLD** near the intersection of W. Cold Spring Lane and Towanda Avenue. UC49 asked **RINGGOLD** for "straight money" and **RINGGOLD** said "yeah." UC49 then asked for "two" and **RINGGOLD** stated "Alright." UC49 waited for **RINGGOLD** in the 4400 block of Towanda, right next to the **Honda. RINGGOLD** approached him and handed him 2 double zip lock bags containing a tan substance, suspected to be heroin. In exchange, UC49 handed **RINGGOLD** $40 in U.S. currency. Affiants met with UC49 and took possession of the suspected heroin. A field test was performed on a sample of the suspected heroin. The test returned positive for the presence of heroin. It was submitted to BPD ECU under Central Complaint number 131D01573.

18. Your Affiant has signed this document under oath and further state that its contents are true and correct to the best of their knowledge. I am familiar with all aspects of this investigation and all information detailed herein is based upon your affiant's personal knowledge, as well as information communicated to them by others during the course of this investigation. WHEREFORE, we make this Affidavit in support of the criminal complaint.

So sworn,

Special Agent Daniel M. Kerwin

Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to and subscribed before me this 15th day of April, 2013.

Stephanie A. Gallagher
United States Magistrate Judge